Segrest, Administratrix, v. Hood.

HELOISE SEGREST, Administratrix, v. GOVY HOOD.

*Where the plaintiff sues as administratrix, and her capacity is denied, she must prove it, or be non-suited.*

THE plaintiff, as administratrix of Bardee Segrest, deceased, instituted a suit before the District Court for the parish of Carroll, to annul a sale made by the deceased to the defendant, on the ground of fraud. Hood pleaded *first*, prescription ; *second*, that the plaintiff had no right as administratrix to maintain the action ; *third*, a denial that she was the administratrix of the said Bardee Segrest ; and *fourth*, a general denial ; and his answer concluded with a prayer ' that the demand of the plaintiff be rejected, that her suit be dismissed, that he have judgment against her on the merits, and for general relief.' No evidence appears to have been introduced ; and a judgment of non-suit was rendered by *Tenney*, J.

*Copley*, for the plaintiff.

*Selby*, for the defendant.

MARTIN, J. The plaintiff is appellant from a judgment of non-suit. She sues as administratrix of her deceased husband. Her capacity was denied, and she failed to make any proof of it. She cannot complain of a judgment which is the legal consequence of her own negligence, or that of her counsel.

*Judgment affirmed.*

SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

*Where a dilatory exception has been filed before a judgment by default, it must be noticed, though followed on the same sheet of paper by an answer to the merits. The last clause of the twenty-third section of the act of 20th March, 1839, only prevents the filing of such exceptions after a judgment by default.*

GARLAND, J. The plaintiff's counsel applies for a re-hearing on the ground that he was not bound to notice the exception to the want of capacity of the plaintiff to sue, because with it was filed a peremptory exception, and an answer to the merits; and he insists on

- a literal application of the twenty-third section of the act of 1839.

On the first day of the term to which the process in this case was returnable, the defendant appeared, and on the same page of a sheet of paper, he pleaded, 1st. Prescription; 2d. The want of the capacity of the plaintiff to sue; 3d. A general denial. On the trial, the counsel for plaintiff did not prove that she was administratrix, and on that and other grounds, a non-suit was entered. He strenuously urges he was not bound to notice the exception. We think he was. It was filed before a judgment by default was taken, and no issue was joined previous to the exception being presented. We think the latter clause of the section only prevents dilatory exceptions being filed, after a judgment by default; but if filed previously, we think they ought to be noticed, although followed by an answer to the merits.

*Re-hearing refused.*